UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| GERALD JONES,<br><br>        Plaintiff,<br><br>v.<br><br>CITY OF BOSTON,<br>EDWARD DAVIS, Commissioner,<br>Boston Police Department,<br>and JOHN DOE POLICE OFFICERS,<br><br>        Defendants. | CIVIL ACTION<br>NO. 13-cv-40018-TSH |

**ORDER**
**April 4, 2013**

HILLMAN, J.

**Introduction**

Pro se Plaintiff Gerald Jones ("Mr. Jones") has sued the City of Boston, Boston Police Commissioner Edward Davis and several unnamed Police Officers of Drug Control Units A-1 and D-4 (collectively, "Defendants") under 42 U.S.C. § 1983 ("Section 1983") alleging deprivations of his Fourth and Fourteenth Amendment rights as well as violations of Massachusetts and Federal Tort Claims Acts. Compl. ¶¶ 1, 10. Pending before the Court are Defendants' Motion to Stay Discovery and Motion to Dismiss under 12(b)(2) (improper venue) and 12(b)(6) (failure to state a claim). For the foregoing reasons, Defendants' Motion to Dismiss is **GRANTED** and Defendants' Motion to Stay is **DISMISSED** as moot.

**Background**

Mr. Jones in an African American citizen residing at 1050 Main Street, Worcester, Massachusetts. Compl. ¶ 2. Although the Complaint outlines a litany of violations perpetrated by the Boston Police Department ("BPD"), of which several did not directly involve Mr. Jones, the gravamen of the allegations against Defendants is that the BPD maintains an active policy of discrimination by targeting minorities for various offenses relating to the possession and distribution of crack cocaine while taking disproportionately lenient action against Caucasian citizens for the same or similar offenses. Compl. ¶¶ 6-12. Mr. Jones further alleges that this practice has been in place since 2008 and supports this assertion by noting that he was arrested and charged with possession with intent to distribute crack cocaine on or about January 15, 2009. Compl. ¶ 8.

## Legal Standards

To survive a 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted, a complaint must evince the requisite factual detail to establish a *plausible* claim that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937 (2009). When deciding a motion to dismiss, the court is obligated to accept all of the facts alleged in the complaint as true, however, plaintiff still carries the burden of directing the court to the appropriate substantive law that entitles it to the relief it seeks. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955 (2007); *Langadinos v. Am. Airlines, Inc.*, 199 F.3d 68, 69 (1st Cir. 2000).

Although Section 1983 is a procedural vehicle by which private citizens may remedy civil rights violations, the statute itself does not contain a provision that explicitly outlines a limitation period for instituting such claims. *See Wallace v. Kato*, 549 U.S. 384, 387, 127 S. Ct. 1091 (2007). Instead, when determining the justiciability of a Section 1983 action, district courts

look to the forum state's statute of limitations for personal injury torts. *Rodriguez-Garcia v. Municipality of Caguas*, 354 F.3d 91, 96 (1st Cir. 2004) ("Sections 1981, 1983, and 1985 borrow the forum state's statute of limitations for personal injury claims."). In Massachusetts, that limit is three years. *See* Mass Gen. Laws ch. 260, § 2A; *Nieves v. McSweeney*, 241 F.3d 46, 51 (1st Cir. 2001). However, the determination of the exact date when the statute of limitation clock begins to accrue is strictly a question of *federal* law. *Wallace*, 549 U.S. at 388; *Cao v. Puerto Rico*, 525 F.3d 112, 115 (1st Cir. 2008) ("Under federal law, a § 1983 statute of limitations ordinarily accrues when the aggrieved person knows or has reason to know, of the injury on which the action is based.") (internal citations omitted). Specifically, where, as here, a Section 1983 plaintiff sues for wrongful arrest, the limitation period starts from the date legal proceedings were brought against that plaintiff. *Wallace*, 549 U.S. at 388-90. In Massachusetts, legal proceedings following an arrest must be brought against a criminal defendant either while court is in session or during the next session when court is open. Mass. R. Crim. P. 7(a)(1).

## Discussion

Simply, Mr. Jones' claims are time barred. Mr. Jones filed his Complaint in Worcester Superior Court on November 26, 2012. Accepting all the facts proffered by the Complaint as true, the only arrest upon which Mr. Jones supports his claims occurred on or about January 15, 2009. Even assuming, *arguendo*, that Mr. Jones was not immediately arraigned that day, by law, legal proceedings would have to have been brought against him by January 16, 2009. Thus, the latest Mr. Jones could have instituted an action against Defendants would have been January 16, 2012. Because the actual filing of the Complaint falls well outside the statute of limitations for Section 1983 claims brought in Massachusetts, Mr. Jones has failed to state a claim upon which relief can be granted.

## Conclusion

For the reasons set forth above, I hereby **GRANT** Defendants' Motion to Dismiss (Docket No. 8) and **DISMISS** Defendants' Motion to Stay (Docket No. 11) as moot.

SO ORDERED.

        */s/ Timothy S. Hillman*_____
        **TIMOTHY S. HILLMAN**
        **UNITED STATES DISTRICT JUDGE**